UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:08-cr-506-T-24-EAJ

ROBERT D. PAIGE,

_____/

**ORDER**

This cause comes before the Court on Defendant Robert D. Paige's Motion to Dismiss Count One of Indictment based on his contention that Title 18 U.S.C. § 2251(b) is unconstitutional on its face. (Doc. No. 29.) The United States opposes this motion. (Doc. No. 30.)

**I.   Background**

Defendant was indicted for sexual exploitation of his minor child in violation of 18 U.S.C. § 2251(b) (Count I) and 18 U.S.C. § 2252A(a)(5)(B) (Count II). (Doc. No. 11). According to the indictment, Defendant took pornographic images of his child with the intention to sell the images on the internet in order to make money to pay the child's cell phone bill. The photographs were taken with a digital camera and digital storage card that were made overseas and transported and shipped in interstate and foreign commerce. In Count I, he was charged with knowingly permitting his child to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. In Count II, he was charged with the knowing possession of such depictions.

Defendant moves to dismiss Count I on the ground that 18 U.S.C. § 2251(b) exceeds the

scope of Congress's authority to regulate interstate commerce as granted by the *Commerce Clause of the United States Constitution*. He contends that the statute, in criminalizing a parent's failure to act to protect his child from sexual exploitation, essentially criminalizes "bad parenting." Such conduct, he argues, is a purely intrastate, non-economic activity that cannot be regulated by Congress under *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995), and *United States v. Morrison*, 529 U.S. 598, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000).

## II.  Discussion

The *Commerce Clause* gives Congress the authority "[t]o regulate Commerce . . . among the several states." U.S. Const. Art. I, § 8. In *United States v. Lopez*, the U.S. Supreme Court identified three broad categories of activity that Congress may regulate under its commerce power. First, Congress may "regulate the use of the channels of interstate commerce"; second, it may "regulate and protect the instrumentalities of interstate commerce"; and finally, it may regulate those activities that "substantially affect" interstate commerce. 514 U.S. at 558-59. In *Lopez*, the Supreme Court declared unconstitutional the Gun-Free School Zones Act of 1990 ("GFSZA"), which made it illegal for any individual knowingly to possess a firearm in a school zone, because such conduct did not fall into any of the three enumerated categories. In striking the law, the Court noted that the statute "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." *Id.* at 561.

In *United States v. Morrison*, the Supreme Court set forth factors for determining whether a regulated activity "substantially affects" interstate commerce. These factors include: (1)

2

whether Congress made findings regarding the regulated activity's impact on interstate commerce; (2) whether the statute contains an "express jurisdictional element" that limits its reach; (3) whether the regulated activity is commerical/economic in nature; and (4) whether the link between the prohibited activity and the effect on interstate commerce is attenuated. 529 U.S. at 610-12. In *Morrison*, the Supreme Court found unconstitutional the Violence Against Women Act of 1994 ("VAWA"), which created a private cause of action against those who commit a gender-motivated crime of violence. In doing so, the Court concluded that Congress could not regulate non-economic, violent criminal conduct based solely on that conduct's aggregate affect on interstate commerce. *Id.* at 617. Additionally, the Court noted that while the VAWA did not contain a jurisdictional element, a statute with "a jurisdictional element may establish that [the statute] is in pursuance of Congress's regulation of interstate commerce." *Id.* at 612.

>The statute challenged here, 18 U.S.C. § 2251(b), provides the following:
>
>Any parent . . . or person having custody or control of a minor who knowingly permits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) of this section, if . . . that visual depiction was produced . . . using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means . . . .

Unlike the statutes found unconstitutional in *Lopez* and *Morrison*, § 2251(b) contains an express jurisdictional element. That jurisdictional element allows prosecution if the materials used to produce the depiction "have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means." 18 U.S.C. § 2251(b). It is this jurisdictional element that provides the basis for Count I of the indictment, which alleges that the prohibited visual depictions "were produced using materials that had been mailed, shipped, and transported in

3

interstate and foreign commerce by any means."

It appears that the Eleventh Circuit has not previously considered a *Commerce Clause* challenge to § 2251(b) in a published opinion. The court, however, has upheld statutes that contain express jurisdictional elements similar to the one at issue here. *See, e.g., U.S. v. McAllister*, 77 F.3d 387 (11th Cir. 1996) (rejecting a facial challenge to the constitutionality of 18 U.S.C. § 922(g)(1) because it contained a jurisdictional element). The court has noted that the statutes "most likely to fall within Congress' commerce power are those directly regulating economic activity *or containing explicit jurisdictional hooks to ensure that they capture only conduct substantially affecting commerce*." *United States v. Peters*, 403 F.3d 1263, 1273 (11th Cir. 2005) (emphasis added).

At least one other circuit has upheld § 2251(b) on the grounds that it contains this jurisdictional element. The Eighth Circuit, in *United States v. Hoggard*, 254 F.3d 744 (8th Cir. 2001), considered a facial challenge to § 2251(b) and concluded that the statute was constitutional. The court distinguished § 2251(b) from the statutes struck down in *Lopez* and *Morrison* because § 2251(b) "contains an explicit jurisdictional nexus." *Id.* at 746. The court noted that the activity that is prohibited by the statute "is not simply permitting minor children to engage in sexually explicit conduct for the purpose of producing a visual depiction that is prohibited." *Id.* Rather, "[t]he government must also show that the picture was produced using materials (here, film and a camera) that had been transported in interstate commerce." *Id.* It is this jurisdictional element that provides "a concrete connection with interstate commerce" and ensures that the statute is a proper exercise of Congress's commerce power. *Id.*

This Court agrees. Section 2251(b) contains an express jurisdictional element that was

4

lacking in the GFSZA and VAWA. As the Eighth Circuit recognized in *Hoggard*, Defendant is not merely charged with allowing his child to perform sexual conduct for the purpose of producing pornography. Rather, the government must also prove that the visual depiction was made or transmitted with materials that were sent through or affecting interstate commerce. Here, the indictment alleges that the digital camera and digital storage card that Defendant used to create the images were made overseas and shipped in interstate commerce. It is this element of the crime that sufficiently "tether[s] the [statute] to interstate commerce." *Peters*, 403 F.3d at 1272.

The Court notes, however, that the presence of the jurisdictional element in § 2251(b) does not provide the only basis for upholding the statute. It is just one of several factors that demonstrate that the statute proscribes activity that substantially affects interstate commerce and therefore must be upheld. The Court is persuaded by *United States v. Brown*, No. 05-3732, 2006 U.S. App. LEXIS 27483 (6th Cir. Nov. 6, 2006) (unpublished decision), a case in which the Sixth Circuit ruled that Congress did not exceed its *Commerce Clause* power in enacting § 2251(b), after evaluating the statute in light of all of the *Morrison* factors. The court examined the statute's legislative history and found that prohibiting the production of child pornography at the local level would further the Congressional goal of diminishing the national market for child pornography. *Id.* at *13. In reaching this conclusion, the court relied on *Gonzales v. Raich*, 545 U.S. 1, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005), a case in which the Supreme Court "re-affirmed the principle that the Commerce Clause empowers Congress to regulate purely local intrastate activities so long as they are part of an 'economic class of activities that have a substantial effect on interstate commerce.'" *Brown*, 2006 U.S. App. LEXIS 27483, at *15-16 (quoting *Raich*, 545

U.S. at 17.)

Similarly, in *United States v. Densberger*, No. 07-2229, 2008 U.S. App. LEXIS 13758, at *6-7 (3d Cir. June 30, 2008) (unpublished decision), the Third Circuit upheld § 2251(b) after rejecting the defendant's contention that his purely intrastate activity could not be regulated under *Lopez* and *Morrison*. The court relied on its precedent in *United States v. Galo*, 239 F.3d 572, 576 (3d Cir. 2001), in which it upheld the constitutionality of 18 U.S.C. § 2251, reasoning that "'Congress rationally could have believed that intrastate possession of pornography has substantial effects on interstate commerce.'" *Id.* at 929 (quoting *Galo*, 239 at 575). This Court follows *Brown* and *Densberger* and concludes that the activity proscribed by § 2251(b)–a parent's knowing permission of a child's participation in the creation of a visual depiction of child pornography–has a substantial effect on interstate commerce.

*United States v. Maxwell*, 446 F.3d 1210, 1216-17 (11th Cir. 2006) supports this conclusion. In *Maxwell*, the Eleventh Circuit upheld a provision the Child Pornography Prevention Act (CPPA) that prohibited the knowing possession of child pornography against an as-applied challenge to the statute. The court concluded that, because the statute was part of a larger regulatory scheme aimed at eliminating the entire child pornography market, Congress could rationally conclude that the defendant's otherwise intrastate, noncommercial possession of child pornography substantially affected interstate commerce. *Id.* at 1218. In fact, the court noted that *Raich* suggests that Congress has the "authority to regulate *all* intrastate possession of child pornography, not just that which has . . . been produced using materials that have traveled in interstate commerce." *Id.* Although the statute at issue here proscribes the knowing permission of a child's participation in the creation of child pornography, rather than the

6

possession of child pornography, it is part of the same "comprehensive regulatory scheme criminalizing the receipt, distribution, sale, production, possession, solicitation, and advertisement of child pornography." *Id.* at 1216-17 (referring to 18 U.S.C. §§ 225-52A). It follows, therefore, that the activity of permitting a child to participate in the creation of child pornography would also substantially affect interstate commerce.

**III.    Conclusion**

For the foregoing reasons, the Court concludes that 18 U.S.C. § 2251(b) is a constitutional exercise of Congress's *Commerce Clause* power. Accordingly, Defendant's Motion to Dismiss (Doc. No. 29) is **DENIED**. Defendant's Motion for Oral Argument (Doc. No. 31) on the Motion to Dismiss is also **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of February, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge